UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT COPELAND,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:23-cv-00378-CDB (SS)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(Doc. 5)<br><br><u>OBJECTIONS DUE WITHIN 14 DAYS</u><br><br>Clerk of Court to Assign District Judge |

    Plaintiff Scott Copeland ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 1). Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc. 2). On March 17, 2023, the Court denied Plaintiff's application to proceed *in forma pauperis* and ordered Plaintiff to file a long-form application. (Doc. 3). On April 20, 2023, Plaintiff filed a motion for *in forma pauperis* and filed a long-form application. (Doc. 5).

    To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C.

1  § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and
2  not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,
3  198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to
4  proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis
5  does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v.*
6  *Williams*, 490 U.S. 319 (1989). A plaintiff need not be absolutely destitute to proceed *in forma*
7  *pauperis* and the application is sufficient if it states that due to poverty, the applicant is unable to
8  pay the costs and still be able to provide himself and his dependents with the necessities of life.
9  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny
10 an application to proceed without prepayment of fees is an exercise of the district court's
11 discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

12  The Court may consider Plaintiff's spouse's financial resources in determining whether he
13 is entitled to *in forma pauperis* status. *Id.* Plaintiff states that his spouse's monthly income
14 amount during the past 12 months was $5,400.00 and is expected to be $5,400.00 next month.
15 (Doc. 5 p. 1-2).[1] Plaintiff notes that his spouse's work is seasonal. *Id*. at 2, 5. Specifically,
16 Plaintiff states his wife worked from January 3, 2022, to May 31, 2022, and from November 1,
17 2022, to May 31, 2023, with an expectation she will start work again on November 1, 2023. *Id*.
18 Plaintiff claims his spouse's gross monthly pay is $2,960.69. *Id*. at 2. Plaintiff proffers he and
19 his spouse have $100.00 in cash. *Id*.

20  In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1),
21 courts look to the federal poverty guidelines developed each year by the Department of Health
22 and Human Services. *Elmer v. Comm'r of Soc. Sec.*, No. 1:22-cv-01045-AWI-SAB, 2022 WL
23 5237463, at *2 (E.D. Cal. Sep. 21, 2022) (citing *Lint v. City of Boise*, No. CV09-72-S-ELJ,
24 2009 WL 114942, at *2 (D. Idaho. April 28, 2009) (collecting cases)), *F&R adopted*, 2022 WL

---

[1] In his first motion for grant of *in forma pauperis* status, Plaintiff listed his wife's monthly income at $5,892.00, within. (Doc. 2 p. 2).

9452375 (E.D. Cal. Oct. 14, 2022).  Plaintiff claims one dependent.  (Doc. 5 p. 3).[2]  The 2023 Poverty Guidelines for the 48 contiguous states for a household of three is $24,860.  2023 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited April 24, 2023).  Therefore, Plaintiff's spouse's income lies above the poverty threshold.

Plaintiff also claims monthly household expenses of approximately $4,411, which exceeds his spouse's alleged income.  (Doc. 5 p. 4-5).  Plaintiff claims $1,450 in monthly rent, $471 for utilities, $100 for home maintenance, $600 for food, and $150 for medical and dental expenses.  *Id*. at 4.  Plaintiff also adds that he spends $200 a month for clothing, $150 for laundry and dry-cleaning, $200 for recreation, and $350 as a household in installment payments (credit cards, department stores, and two Fingerhut accounts).  *Id*.

Turning to transportation costs, Plaintiff claims he pays $240 for motor vehicle insurance and $500 for transportation, which the Court assumes pertains to gasoline and perhaps maintenance.  *Id*.  However, Plaintiff claims his household does not possess a motor vehicle.  *See generally* (Docs. 2, 5).  Therefore, Plaintiff's alleged transportation costs are inconsistent with the record and inconsistent with a finding of poverty.

Plaintiff's household income and inconsistent pleadings do not suggest that Plaintiff is living in poverty.  *Id*.  Accordingly, it is HEREBY ORDERED:

1. The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

And it is HEREBY RECOMMENDED:

1. That Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

---

[2] Plaintiff listed he had no dependents in his first motion for *in forma pauperis*.  (Doc. 2 p. 2).

1  and Recommendations." The parties are advised that failure to file objections within the
2  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
3  839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 24, 2023**__                              _____
                                                            UNITED STATES MAGISTRATE JUDGE