# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SCOTT COPELAND,

    Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security[1],

    Defendant.

_____/

Case No. 1:23-cv-00378-SKO

ORDER ON PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(Doc. 1)

## I.    INTRODUCTION

Plaintiff Scott Copeland ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 11.) On April 13, 2026, this case was reassigned to the undersigned. (*See* Doc. 21.)

## II.      BACKGROUND

Plaintiff protectively filed claims for DIB and SSI payments on July 24 and 31, 2019, respectively, alleging he became disabled on September 15, 2006, due to dyslexia, uncontrolled diabetes, "mannose binding lectin," ulnar nerve damage in both hands, lumbar strain, chronic pneumonia, chronic sepsis, collapsed lungs, "gastronarapothy," and asthma. (Administrative Record ("AR") 20, 98, 116, 136, 152.)

Plaintiff was born in 1967 and was 39 years old on the alleged disability onset date. (AR 31, 97, 115, 135, 151.) He has at least a high school education and previously worked as a security guard and dishwasher. (AR 31, 51–52, 371.)

### A.      Administrative Proceedings

The Commissioner denied Plaintiff's applications for benefits initially on January 17, 2020, and again on reconsideration on July 27, 2020. (AR 20, 179–188, 195–206.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 112–14.) The ALJ conducted a telephonic hearing on November 5, 2021. (AR 41–68.) Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions and work history. (AR 48–63.) A Vocational Expert ("VE") also testified at the hearing. (AR 63–67.)

### B.      The ALJ's Decision

In a decision dated December 6, 2021, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 20–32.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 23–32.) The ALJ decided that Plaintiff met the insured status requirements of the Act through December 31, 2011, and he had not engaged in substantial gainful activity since September 15, 2006, the alleged onset date (step one). (AR 23.) At step two, the ALJ found Plaintiff's following impairments to be severe: diabetes mellitus; ulnar neuropathy and coronary artery disease. (AR 23–24.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 24–25.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except he can frequently climb ramps or stairs but can never climb ladders, ropes or scaffolds. He can frequently kneel, crouch or crawl. [Plaintiff] can frequently handle and finger, bilaterally. He must avoid frequent exposure to irritants such as fumes, odors, dusts, gases and poorly ventilated areas. He must avoid all exposure to unprotected heights and all exposure to hazardous machinery.

(AR 25–30.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 26.)

Based on this RFC assessment, the ALJ determined that Plaintiff could perform his past relevant work as a security guard with regard to his DIB claim (step 4). (AR 30–31.) The ALJ also made the alternative finding with respect to Plaintiff's DIB and SSI claims that he could perform a significant number of other jobs in the national economy (step five). (AR 31–32.) The ALJ concluded Plaintiff was not disabled from September 15, 2006, through the date of the decision. (AR 32.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on October 13, 2022. (AR 5–10.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

## III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

"However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*,

533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff asserts that the RFC was not supported by substantial evidence because the ALJ independently interpreted medical records without the aid of a medical expert rather than further developing the record; and 2) that the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints. (Docs. 17, 20.) The Court agrees that the ALJ did not fully develop the record and instead improperly interpreted medical records on their own in formulating the RFC and will remand for further proceedings on that basis.

### A.    The ALJ's Physical RFC Determination is Not Supported by Substantial Evidence

A claimant's RFC is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating the RFC, the ALJ weighs medical and other source opinions, as well as the claimant's credibility. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). As set forth above, the ALJ's RFC finding in this case stated that Plaintiff can perform medium work; frequently climb ramps and stairs, kneel crouch, crawl, and handle and finger, bilaterally; never climb ladders, ropes or scaffolds; must avoid frequent exposure to irritants such as fumes, odors, dusts, gases and poorly ventilated areas; and must avoid all exposure to unprotected heights and all exposure to hazardous machinery. (AR 25.)

Medical opinions regarding the effects of Plaintiff's physical impairments were provided by the following individuals: State agency physicians Leslie Arnold, M.D., and A. Wong, M.D.; treating physicians Grant Medefind, M.D. and Keith Campbell, M.D.; workers' compensation physicians Bradley Tourtlotte, M.D. and Maureen D. Miner; and consultative examiner Roger Wagner, M.D. Drs. Arnold and Wong opined that Plaintiff could perform a range of light work. (AR 110–12, 126–30, 145–48, 160–64.) Dr. Medefind opined that Plaintiff can sit and stand for fifteen minutes at one time, for a total of 2 hours total, each; needs to shift at will; needs periods of

walking around every fifteen minutes for five minutes; needs unscheduled breaks every ten to fifteen minutes for five minutes; must use a cane; can rarely lift ten pounds, never lift twenty, can rarely perform any postural activities; can use the hands, fingers, arms 1–5% of the day; would be off-task 25% of the day; and would be incapable of even low stress work. (AR 2241–43.) Dr. Campbell opined that Plaintiff could lift, pull, and push no more than five to 10 pounds. (AR 511–14.) Drs. Tourtlotte and Miner each opined that Plaintiff could lift, pull, and push up to 30 pounds. (AR 552, 577.) Finally, Dr. Wagner opined that Plaintiff requires a walking stick for long distances and uneven terrain due to balance problems and cannot perform manipulative activities. (AR 1980.)

The ALJ found each of these seven medical opinions "not persuasive" because they were inconsistent with the overall medical record. (AR 29–30.) In other words, the ALJ disagreed with all of medical opinions in the record concerning Plaintiff's impairments and found that, contrary to the opinions of the State agency physicians, treating physicians, workers' compensation physicians, and the consultative examiner, Plaintiff's impairments would result in some work-related restrictions. While the absence of a medical opinion is not necessarily fatal, the RFC determination still must be supported by substantial evidence. *See Bradford v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00232-TUC-SHR (JR), 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022).

Here, having rejected all of the medical opinion evidence in the record, the ALJ's RFC determination appears to have been based solely on their own interpretation of Plaintiff's testimony and the medical evidence. Without relying on any medical opinion regarding what work-related restrictions would be appropriate, the ALJ improperly included limitations in the RFC and concluded these limitations were sufficient to address Plaintiff's impairments. It is well-settled that an ALJ may not render their own medical opinion and is not empowered to independently assess clinical findings. *See, e.g., Tackett*, 180 F.3d at 1102–03 (holding an ALJ erred in rejecting physicians' opinions and rendering his own medical opinion); *Miller v. Astrue*, 695 F. Supp. 2d 1042, 1048 (C.D. Cal. 2010) (reasoning that it is improper for the ALJ to act as the medical expert); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings").

The Commissioner contends that because ALJs—not medical professionals—are responsible for determining a claimant's RFC, the ALJ's conclusion must be upheld. (Doc. 19 at 4.)  However, the ALJ in this case did not simply synthesize the medical evidence and opinions to reach an RFC determination, as they are charged to do.  The ALJ does not explain how, for example, Plaintiff's treatment notes, imaging results, or testimony provide sufficient indications of Plaintiff's functional limitations and are clear as to their impact on Plaintiff's ability to work.  *See Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022) (MRIs, radiological studies, and X-rays "generally reflect only the findings, impressions, and medical diagnoses, which are difficult for a lay person to interpret."); *Hurt v. Kijakazi*, No. 3:20-CV-00481-CSD, 2022 WL 444355, at *9–10 (D. Nev. Feb. 14, 2022) ("When the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the] bare medical findings are unintelligible to a lay person in terms of residual functional capacity.'") (quoting *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986)).  Thus, it appears the ALJ formulated an RFC based on their interpretation of the medical evidence, which is improper.  The ALJ was not qualified to translate the evidence into functional limitations and engage in their "own exploration and assessment" of Plaintiff's impairments.  *See McAnally v. Berryhill*, Case No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Court agrees with Plaintiff that the ALJ had a duty to develop the record further under these circumstances.  *See Ford*, 950 F.3d at 1156 (When there is "ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence," the ALJ has a duty to develop the record) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).  Indeed, Ninth Circuit courts have found that "[b]arring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford*, 2022 WL 4538569, at *5 (quoting *Howell*, 2022 WL 2759090, at *7); *Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ

decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)).

The ALJ was therefore required to obtain a medical expert's opinion to allow for a proper evaluation of Plaintiff's physical capabilities after concluding that he suffered from several severe impairments. *See Mack v. Saul*, No. 1:18-CV-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) (duty to develop where the ALJ improperly determined RFC after considering MRIs and radiological studies absent a doctor's opinion regarding the effect on plaintiff's ability to work on a function-by-function basis); *see also Howell*, 2022 WL 2759090, at *10 ("Because the record was inadequate to establish Plaintiff's current function-by-function capabilities, the ALJ had a duty to further develop the record.  His failure to do so was an error."); *Escudero v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-01136-EPG, 2019 WL 4917634, at *2 (E.D. Cal. October 4, 2019).  The ALJ did not do so here.  Without a medical expert's opinion to support the conclusion that Plaintiff can perform a range of medium work as described in the RFC, the RFC lacks the support of substantial evidence.  *See Holtan*, 2023 WL 2424648, at *3 (finding that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into the RFC, noting that it was "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive</u>.") (emphasis in original); *De Gutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence.") (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's . . . capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence")); *Shipp v. Colvin*, No. CV 13–9468 JC, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since . . . the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was

9

erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record.").

**B.      The ALJ's Error Was Harmful**

The Court must now consider whether the ALJ's error was harmless.  *Molina*, 674 F.3d at 1115.  Courts look at the record as a whole to determine whether the error alters the outcome of the case. *Id.; March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

This Court finds this was harmful error necessitating remand.  *Tommasetti*, 533 F.3d at 1038 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination.").  While the ALJ assessed an RFC restricting Plaintiff to medium work with additional limitations, it is still without supporting evidence (and with less restrictive limitations than those contained in the seven rejected medical opinions, *cf. Lamas v. Saul*, No. 1:19-cv-00852-BAM, 2020 WL 6561306, at *9 (E.D. Cal. Nov. 9, 2020) (holding that although ALJ erred in evaluating a claimant's RFC without support from a medical opinion, such error was harmless where the ALJ found more stringent limitations than any medical opinion)).  Had the ALJ included different limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.[4]  *See Clarenda A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC).  Moreover, because the record "[did] not support the assumptions in the hypothetical[s]" posed to the VE, the hypotheticals were incomplete and therefore, the "vocational expert's opinion [had] no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).

**C.      Remand for Further Proceedings is Appropriate**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the Court finds that remand for

---

[4] This is not to say that the disability determination will or should be different, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

further proceedings is warranted. *See Osborne v. Commissioner of Soc. Sec.*, No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence). On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence.

**D.     The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the Court finds that remand is appropriate for further development of the record, the Court does not reach Plaintiff's additional assertion of error directed to his subjective symptom complaints, which were discounted based on an undeveloped record (*see* AR 26). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**V.     CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Scott Copeland and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:    **May 5, 2026**                          /s/ *Sheila K. Oberto*

                                          UNITED STATES MAGISTRATE JUDGE